UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HASAN ALADDIN HADID, <br><br> Plaintiff, <br><br> v. <br><br> ALLY FINANCIAL, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:16-cv-11760 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes HASAN ALADDIN HADID ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ALLY FINANCIAL, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 23-year-old natural person residing at 2320 West Adams Street, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a Delaware Corporation with its principal place of business located at 440 South Church Street, Charlotte, North Carolina 28202. Ally is engaged in the business of automotive financial services, and serves clients across the United States, including consumers in the State of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the summer of 2015, Plaintiff obtained an automobile loan financed through Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. After losing his job, Plaintiff experienced financial hardship and fell behind on his payments to Defendant. *See* Exhibit A.

11. Prior to losing his job, Plaintiff would regularly make scheduled payments to Defendant. *Id.*

12. In approximately August 2016, Plaintiff began receiving calls to his cellular phone, (708) XXX-0914 from Defendant seeking to collect upon the past due loan payments. *Id.*

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0914. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Defendant has used a plethora of numbers to regularly call Plaintiff's cellular phone, including: (866) 205-3074, (877) 281-1209, (866) 891-8876, (855) 306-6938, (855) 856-2559, (855) 306-6998, and (855) 870-7128. *Id.*

15. Upon information and belief, the aforementioned phone numbers are all regularly utilized by Defendant to contact consumers during its debt collection activities.

16. When answering calls from Defendant, Plaintiff often experienced a brief pause, lasting approximately five seconds in length, before being connected with a live representative. *Id.*

17. Plaintiff often has to repeatedly say "hello" before a live representative begins to speak. *Id.*

18. On or about September 25, 2016, upon speaking with one of Defendant's representatives, Plaintiff was notified that it was seeking to collect upon a past due loan payment, and he specifically told it to stop contacting him. *Id.*

19. Defendant eventually repossessed the automobile from Plaintiff, who then had to expend a significant amount of money to recover the vehicle. *Id.*

20. Even after the repossession and Plaintiff's demands to cease contacting him, Defendant has continued to regularly call his cellular phone up until the date of the filing of the present action. *Id.*

21. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that he does not wish to be contacted. *Id.*

22. Plaintiff received at least 60 calls from Defendant after asking it to stop calling him. *Id.*

23. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses. *Id.*

24. Plaintiff has suffered financial loss as a result of Defendant's actions.

25. Plaintiff has been unfairly harassed by Defendant's actions.

26. Plaintiff has suffered actual harm and charges and expenses that he would not have otherwise incurred if not for Defendant's systematic calls, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, diminished cellular phone functionality, decreased battery life on his cellular phone, loss of cellular phone capacity, and diminished space for data storage on his cellular phone.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause, lasting approximately five seconds, that Plaintiff experiences during

answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by Plaintiff's demand to cease contacting him.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, HASAN ALADDIN HADID, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

35. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Defendant ignored Plaintiff's demands to cease calling his cellular phone, and continued to contact him, systematically calling him at least 60 times after he told it to stop. Not only did Defendant regularly call Plaintiff's cellular phone after he told it to cease contacting him, but it would also call him multiple times during the same day using a wide-array of phone numbers. This behavior is not just unfair, but deceptive due to the fact that Defendant placed these voluminous calls using different phone numbers with the hope that Plaintiff would answer and be compelled to make payment. Defendant ignored Plaintiff's prompts to cease its calls and continued to seek payment from him.

38. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. As pled in paragraphs 22 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, HASAN ALADDIN HADID, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 30, 2016                    Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com
